SAYRE, JUDGE:
Claimant, The Velotta Company, brought this action to recover $ 13 7,165.25 for *211 that portion of its home office overhead expense which it incurred when claimant was delayed in its performance of a highway contract with respondent, Division of Highways. The parties agree that the delay was compensable. As a consequence, claimant was reimbursed by respondent for the delay. However, respondent denied any payment to claimant for its alleged loss of $ 137,165.25 for home office overhead since there was no provision in the contract for payment of home office overhead. The Court is of the opinion to deny this claim for the reasons set forth herein below.
Claimant and respondent entered into a contract on December 17,2002, for the construction of the South Martinsburg Interchange in Berkeley County. The project involved work on two bridge structures as well as asphalt work on 1-81. The original contract was in the amount of $7,178,540.70, but the final amount paid to claimant for the completion of the project was $8,519,801.60. There was a delay on the project for which respondent accepted full responsibility. The delay involved unsuitable material issues beneath the approaches for both structures. This delay was not anticipated by either party when the contract was awarded to claimant. As a result, in placing asphalt on 1-81, claimant was delayed beyond the time frame for completing the project contemplated in the original contract. When claimant was paid for the work performed by it during the period of the delay, claimant was not paid any additional amount for its home office overhead.
Claimant contends that this Court should amend its previous position as it relates to consideration of home office overhead as an item of damages in construction contract claims. It readily admits that this Court has found that the item, home office overhead, alleged in these claims is based upon conjecture and speculation. The Court has consistently denied this element of damages. Claimant asserts that respondent should be required to pay claimant for its home office overhead incurred during the delay of the project, and farther, the payment should be calculated by the application of a formula known in the construction industry as the “Eichleay Formula.” The original contract contemplated 793 days for the construction of the proj ect; however, the project was in fact completed 215 days beyond the original completion date due to the compensable delay. Claimant was paid for all of the work performed during the extension. Claimant further contends that since respondent had once previously paid it for home office overhead in a former contract (the Left Hand Bridge project in Kanawha County), then it should also pay for this item of damages as claimed herein.
Respondent relies upon the principle of stare decisis in this claim and asserts that claimant is not entitled to any compensation for home office overhead since this Court has consistently denied this particular item of damages in contract claims previously considered by the Court. Respondent asserts that this element should have been included in claimant’s calculation of each contract item in the original bid submitted to respondent for this contract and claimant was paid for these same items at the same bid prices for the work performed during the delay period for the completion of the contract; therefore, claimant has, in fact, been compensated for its home office overhead. Respondent also asserts that all contractors bidding on this highway project were, at the time, well aware of the fact that home office overhead has never been awarded as a compensable item. Therefore, the projects were bid with knowledge that recovery for this particular item has historically been denied by this Court on the ground that it is too speculative.
Respondent admits that it had paid claimant for home office overhead when it terminated a contract for a small bridge project in Kanawha County. However, that payment was made in settlement of the termination of the contract and in accordance with *212 §108.9 Termination of Contract for Convenience of the State in the Standard Specifications Roads and Bridges. This section is a very specific section which particularly applied to that situation. It is not applicable to situations involving excusable compensable delays as defined by §108.6.2.2.
During the hearing of this claim, the Court considered Change Order No. 22, dated December 7, 2006, which was negotiated by the parties for payment of the extra work performed by claimant during the extended period of the construction. This Change Order appears to have been signed by an unauthorized individual within claimant’s main office. However, claimant nonetheless accepted the payment made through that Change Order and may not now contest the Change Order. The claimant failed to list home office overhead in this Change Order, and respondent contends that this failure constitutes a waiver by claimant for payment of this item of damages.
There were on-going negotiations by the parties and part of the negotiations included the items of field office overhead for which claimant claimed $ 118,324.00 and home office overhead for which it claimed $ 137,116.00. The field office overhead item of damages was settled by the parties for $81,000.00 on or about May 25,2006, but the item of home office overhead remained in contention between the parties.
It is claimant’s position that it did not and could not assert the item of home office overhead at the time of Change Order No. 22 since the contract had not been finalized by the parties. Claimant did include this particular item in the Final Estimate signed by the parties on May 31, 2007, as an item for which it would file a claim.
Although the Court is concerned about the unauthorized signature on Change Order No. 22, it agrees that claimant’s acceptance of the monies paid in accordance with the terms of the Change Order binds claimant to the terms therein. However, this situation does not alter the claim for home office overhead since that item of damages was noted as a claim item in the written waiver and was included in the final estimate signed by both parties.
This Court has consistently denied claims for home office overhead filed by contractors since this issue was first brought before the Court. In fact, the Court refused to apply the Eichleay Formula as recently as 2006 in the opinion of American Vending Co. Inc. v. WVU, (Claim No. CC-04-0963, Opinion Issued June 30, 2007) and in the opinion issued in the construction claim of Kenhill Construction Co. Inc. v. DOH, 22 Ct.Cl.46 (1998) wherein the Court stated that it “will not consider the home office overhead item, even though Kenhill used the Eichleay Formula to calculate this amount. The Court considers this element of damages to be speculative in nature and it has consistently refused to speculate as to home office overhead in contract claims.” Thus, construction contractors which bid on proj ects let by all State agencies were on fair notice as to the position of this Court on the item of home office overhead and, more specifically, should have been aware that if a claim was filed for any reason by the contractor before this Court (the only forum for contract claims against a State agency) that the element of damages for home office overhead would be denied based upon established precedence. The Court presumes that the claimant and other contractors when bidding on State construction projects have taken this into consideration and, if deemed necessary, added some amount to cover home office overhead. The Court further presumes that the contractors who bid on the subj ect proj ect were all aware of the Court’s position as to home office overhead and bid the project accordingly.
The claimant herein bid on the project with that same knowledge and was, therefore, bidding on an equal basis with all other contractors. For the Court to now *213 reverse its long standing position concerning home office overhead to the benefit of claimant on this contract would be patently unfair to all other contractors who submitted bids to respondent for this project.
This Court is aware that the Eichleay Formula was adopted by some states and the Federal Claims Court in the 1960's. The Court has previously heard testimony in numerous claims where the theory of home office overhead was explained and the Court heard an expert (claimant’s witness Robert Lewis Beers Jr.) in this claim explaining the theory of the Eichleay Formula. The West Virginia Supreme Court has not discussed this element of damages or considered the Eichleay Formula in any of its decisions so the parties are unable to provide citations to the Court on this matter. Although the Court is aware of the adoption of the Eichleay Formula by some states, a split of authority exists on this issue. The State of Ohio, for instance, (as pointed out by the claimant) adopted its own formula for calculating home office overhead in claims by contractors.
The Court is aware that respondent intends to adopt a new section in its handbook “Standard Specifications Roads and Bridges” which provides for consideration of home office overhead. The proposed section (§ 108.11 - HOME OFFICE OVERHEAD) addresses excusable, compensable delays while providing for the payment of home office overhead pursuant to a specific formula. It is to be adopted at the beginning of 2009. The section was drafted in consultation with the West Virginia Contractors’ Association. When that adoption is made, all contractors bidding on construction contracts will be subject to the new section and the bids presumably will take its provision into consideration.
The Court is reluctant to reverse its long standing precedent which holds that claims for home office overhead must be denied due to the speculative nature of same. Thus, the Court reaffirms its previous posture in relation to claims for home office overhead in highways or bridge construction claims until such time as there is an amendment to respondent’s handbook which provides otherwise.
The Court, having considered the previous decisions of this Court and having reviewed the facts in this claim concerning claimant’s assertion that home office overhead as calculated by the Eichleay Formula is compensable, is of the opinion that the claim be and the same is denied.
Claim disallowed.